IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS JOHNSON,
    Plaintiff,

vs.                               CIVIL ACTION 16-0037-KD-MU

TIMOTHY ILIFF, *et al.*,
    Defendants.

## **REPORT AND RECOMMENDATION**

Plaintiff Marcus Johnson, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees (Docs. 1, 4). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the Court due to Plaintiff's failure to follow the Court's order.

In an order dated December 21, 2016 (Doc. 32), the Court observed that Plaintiff's first amended complaint (Doc. 8) mistakenly named Jay Cowan, CEO of Corizon Medical Services, as a Defendant. According to the Conflict Disclosure Statement filed by the Defendants, Dr. Timothy Iliff, Dr. Calvin Johnson, and Shawn Geohagan (Doc. 21, at fn1), "the current CEO of Corizon is not 'Jay Cowan' and nor has Corizon's CEO ever been a person named 'Jay Cowan.'" Plaintiff was expressly ordered "to provide the Court with the correct name of the CEO of Corizon Medical Services within 30 days of the order, if Plaintiff wish[ed] the CEO to remain as a defendant in this action."

As of January 31, 2018, more than one year past the deadline to identify the proper defendant, the Plaintiff has had no communications with the Court related to this order.  To date, Plaintiff has not filed an extension for the deadline or filed, as ordered, the name of the CEO of Corizon Medical Services.  Given Plaintiff's failure to follow the Court's directives and lack of communication with the Court, it appears that Plaintiff has elected to abandon this claim and defendant from the action.

Upon consideration of other available alternatives, it is recommended that the claim filed against "Jay Cowan, CEO of Corizon Medical Services" be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey the Court's orders, as no other lesser sanction will suffice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash Railroad Co*., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this

document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R .CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

 **DONE** this 1st day of **February, 2018**.

s/P. Bradley Murray
UNITED STATES MAGISTRATE JUDGE